# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WOLFE, SALUSSOLIA, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist WINSTON M. GRAINGER, JR.**
**United States Army, Appellant**

ARMY 20170122

Headquarters, III Corps and Fort Hood
G. Bret Batdorff, Military Judge
Lieutenant Colonel Scott E. Linger, Staff Judge Advocate

For Appellant: Colonel Mary J. Bradley, JA; Major Julie L. Borchers, JA; Captain Steven J. Dray, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Major Hannah E. Kaufman, JA; Captain Marc B. Sawyer, JA (on brief).

22 August 2018

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

Specialist Winston M. Grainger, Jr. pleaded guilty to raping, threatening, and performing a lewd act on a five-year-old boy. His case is now before us for review under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 [UCMJ]. Appellant's sole assignment of error raises whether his court-martial sentence will run concurrently or consecutively with his sentence from federal civilian court.

## BACKGROUND

*Facts*

On at least ten separate occasions between October 2013 and January 2014 appellant babysat a five-year-old boy whose mother worked nights. While entrusted with the boy's care, appellant repeatedly raped the young child by putting his penis in the boy's mouth and penetrating the boy's anus with his finger and penis.

Appellant video-recorded his crimes.

In one video the child is crying as appellant says, "Put it back in your mouth and suck, come one, or I'm starting the whole five minutes over again."

In a second video, the child is bent over a couch and is crying. Appellant tells the boy, "Stop fucking moving." As appellant thrusts his penis into the child's anus, the boy cries, "My mommy is going to be so mad at me."

There are eight more videos.

A police investigation also discovered that appellant downloaded 3,588 files containing child pornography.

*Procedural History*

As a result of appellant's crimes, two separate criminal actions took place. Appellant pled guilty in the United States District Court, Western District of Texas (Waco Division) to production of child pornography, a violation of 18 USC § 2251. District Judge Phillip Martinez sentenced appellant to thirty years' confinement. Separately, and subsequently, appellant was court-martialed at Fort Hood, Texas. The government alleged four specifications of child rape, one specification of lewd acts on a child, and one specification of communicating a threat. Appellant pleaded guilty to all charges and specifications.

At the court-martial, the parties appeared to believe that the court-martial sentence would run consecutively with appellant's federal civilian sentence.[1] For example, both parties agreed that the accused would receive zero confinement credit for the portion of his federal sentence he had already served at the time of his court-martial. The defense counsel, in asking for a lenient sentence, asked the judge to consider that the sentence adjudged by the court-martial "will be in addition to the 30 years of confinement that he will serve in federal prison."[2] The clemency petition to the convening authority asked for mercy given that "[i]n total, SPC Grainger is sentenced to sixty years confinement." However, a specific understanding as to whether the sentences would run concurrently or consecutively was not incorporated into the pretrial agreement.

---

[1] This view may have been consistent with Department of Defense (DoD) regulation. "A sentence to confinement adjudged by a court-martial shall not be served concurrently with any other sentence to confinement adjudged by a court-martial or a civil court." Dep't of Def. 1325.7-M, DoD Sentence Computation Manual para. C2.7.1 (27 July 2004).

[2] The government does not claim that appellant waived the issue of concurrent sentences at trial. We assume without deciding that waiver does not apply.

The military judge sentenced appellant to a dishonorable discharge, confinement for life, forfeiture of all pay and allowances, and a reduction to the grade of E-1. Pursuant to a pretrial agreement with appellant, the convening authority approved only so much of the sentence to confinement as extended to thirty years' confinement and approved the remainder of the sentence as adjudged. The convening authority did not order that any part of the sentence be deferred. However, the accused was issued permanent change of station (PCS) orders assigning appellant to the United States Disciplinary Barracks at Fort Leavenworth, Kansas "on or about 2047."

Appellant's brief notes that the year 2047 would be the approximate year in which appellant would have completed his thirty-year federal sentence.

## ANALYSIS

After appellant's court-martial concluded, and after the convening authority took initial action on appellant's findings and sentence, our superior court decided. *United States v. Mooney*, 77 M.J. 252 (C.A.A.F. 2018). In *Mooney*, the Court of Appeals for the Armed Forces (CAAF) considered whether a convening authority could direct the deferment of a court-martial sentence so that it runs consecutively with another sentence. Interpreting Article 57a, the CAAF held that while convening authorities have the power determine that a court-martial sentence should run consecutively with a sentence issued by a state or foreign government, no such similar authority exists when it is a federal court that has ordered the other sentence. *Id.* at 257. Thus, in cases such as this one, no military authority has the power to make a court-martial sentence run consecutively—as opposed to concurrently—with a pre-existing sentence to confinement by a federal civilian court.[3]

---

[3] In a footnote the CAAF noted that "[i]t is not altogether clear why" this statutory arrangement exists. One possible explanation, is that Congress determined that an Article III judge (and not the military) should decide whether a court-martial sentence and a federal court sentence should run concurrently or consecutively. That is, by stripping military convening authorities of the ability to defer a court-martial sentence when it is being served concurrently with a federal sentence, the question is therefore left to the federal sentencing authority. If so, this arrangement may further comity between our two systems. Assuming this explanation is correct, and Congress intended to reserve to the federal judiciary the question of whether a court-martial sentence and a federal sentence should run concurrently or consecutively, the Clerk of Court is directed to forward a copy of this opinion to the United States District Court, Western District of Texas (Waco Division), for whatever action District Judge Martinez may deem appropriate. We offer no opinion

(continued . . .)

The parties do not disagree that *Mooney* is controlling. Rather, they disagree as to whether there is any error for this court to correct. Appellant argues that the PCS orders indicate that the Army has deemed appellant's sentence to be tolled until the completion of his federal sentence. The government responds that the convening authority did not order appellant's sentence to be deferred, the action taken by the convening authority is correct, and therefore no remedial action is necessary by this court.

We agree with the government that the convening authority's action is correct, and that therefore there is no error for this court to address. To the extent the PCS orders are erroneous, in that they seem to imply that the court-martial sentence is deferred, we will not attempt to speculatively correct a PCS order that has an effective date twenty-nine or so years in the future.

We do, however, understand appellant's concern. The military justice system has generous parole and "good time" credits[4] for prisoners serving a court-martial sentence. Absent a change in the law or action by an authority empowered to order appellant's civilian sentence to run consecutively with his military sentence, it is likely that appellant will complete his court-martial sentence before finishing his federal civilian sentence. The PCS orders, however, appear to anticipate that he will instead be required to report to the Disciplinary Barracks when his federal civilian sentence is complete. To the extent appellant seeks clarity on the running of his sentence, the UCMJ provides: Unless "suspended or deferred," a court-martial sentence to confinement begins to run on the day it is announced. Article 57(b), UCMJ. Appellant's court-martial sentence was announced on 1 March 2017 and has not been deferred. Accordingly, appellant's court-martial sentence began to run on 1 March 2017.

---

(. . . continued)

as to whether the District Court has the authority to determine whether the two sentences should run concurrently or consecutively, or if so what action that court should take.

[4] *See* Army Reg. 633-30, Military Sentences to Confinement, para. 13(e) (2 Dec. 2015) (providing that for sentences of ten years or more, inmates receive ten days' "good conduct time" for each month of good conduct while in confinement).

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court